# Exhibit 1

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

MARSHAUN RUSS,

    Plaintiff,

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

v.

WASTE PRO USA, INC and SOUTH EAST
PERSONNEL LEASING, INC.,

    Defendants.

_____/

## COMPLAINT

Plaintiff, MARSHAUN RUSS, hereby sues Defendants, WASTE PRO USA, INC. and SOUTH EAST PERSONNEL LEASING, INC, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the whistleblower protections established in Chapter 448, Florida Statutes and under the Florida Minimum Wage Act codified at Chapter 448 Florida Statutes and the Fair Labor Standards Act, codified at 29 U.S.C. §201 et seq.

2. This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, MARSHAUN RUSS, has been a resident of the State of Florida and was employed by Defendants. Plaintiff became a member of a protected class by objecting to and/or refusing to participate in practices of Defendants that were in violation of one or more laws, rules or regulations. Plaintiff was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Defendant, WASTE PRO USA, INC. (WASTE) has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. This Defendant was a joint employer with South East Personnel Leasing.

5. At all times pertinent hereto, Defendant, SOUTH EAST PERSONNEL LEASING, INC, (SEPL) has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. This Defendant was a joint employer with Waste Pro USA, Inc.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7. Defendant WASTE uses Defendant SEPL to staff itself and pays its employees through SEPL. Plaintiff was an employee of both Defendants as he received his paychecks from SEPL only as directed by WASTE and he was subject to the authority of the WASTE managers.

8. Plaintiff, a protected whistleblower, was hired by Defendants on or about January 16, 2019, and held the position of garbage collector in or around October 2019, when Defendants wrongfully terminated Plaintiff.

9. Despite a stellar work performance while employed with Defendant, Plaintiff has been subjected to retaliation after reporting or refusing to participate in Defendant's unlawful employment activities.

10. The disparate treatment and retaliation came at the hands of specifically but not limited to WASTE employees Major l/n/u, Bruce l/n/u, and Max l/n/u.

11. Miko l/n/u was the truck driver partnered with RUSS. The two of them worked routes together and as such, they worked the same number of hours.

12. Despite this, Defendant WASTE misrepresented the number of hours RUSS and other employees worked so that they would not accrue permanent employee status and obtain the benefits that came with it.

13. Permanent employee status is established upon working fifty-four hours a week. Defendant WASTE tried to keep employees, including RUSS, under this benchmark so the employees could not qualify as permanent employees and retain the associated benefits.

14. WASTE supervisors had a common practice of changing employee's timesheets with white out and altering the number of hours they work to reflect less than the actual amount. Defendant WASTE therefore knowingly and maliciously presented false information regarding RUSS's hours. This resulted in SEPL failing to adequately compensate RUSS for all of the hours which he worked including without limitation any overtime pay he was entitled to. Further, this effectively kept RUSS and others from achieving permanent employee status and related benefits.

15. By way of example, on or around January 22, 2020, Miko was compensated for fifty-four (54) hours that week whereas RUSS was only compensated for thirty-four (34) hours. There was no legitimate reason for the discrepancy in pay between partners who worked the same number of hours.

16. RUSS reported the discrepancy to his direct supervisor Max, Max's supervisor Bruce, and Bruce's supervisor Major. Major told RUSS that he could have simply called instead of coming in person and was dismissive of the entire situation.

17. The woman working in Major's office showed RUSS the pay log screen on her computer and confirmed to RUSS that his employer has been taking money from employees for the past nine months.

18. Because of Defendant's misrepresentations in RUSS's hours, he was improperly denied benefits he was owed including without limitation base pay, permanent employee status, and overtime pay.

19. After reporting the situation, Max approached RUSS and offered him $100 by wire to the Walmart in Quincy. Plaintiff told Max that this did not cover the missing payment for the twenty hours not recorded last week nor the rest of his lost wages and benefits.

20. Max attempted to blame the lack of adequate compensation on the timeclock. However, on information and belief, he was aware that WASTE and its management were purposefully reducing the hours. Plaintiff reminded Max that he clocked in and out correctly and had co-workers who could corroborate his work hours.

21. Unsatisfied with the response, RUSS reported the discrepancy to Max's boss, Bruce who told RUSS he would check into it, but he never followed up.

22. RUSS then went to Major and complained that that nothing was being done about the wage issue. Major terminated RUSS on the spot. This termination was in direct response to RUSS's reporting.

23. For purposes of the actions complained of herein, the actions of WASTE were condoned and ratified by SEPL and therefore both defendants are equally culpable for the failure to adequately compensate Plaintiff and other employees as well as unlawfully terminating Plaintiff for his reporting of such behavior.

24. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## PRIVATE WHISTLEBLOWER RETALIATION

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. This is an action brought under §448.101, et seq., Florida Statutes.

27. As set forth in greater detail above, during the course of Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in violation of laws, rules and regulations.

28. As a result of Plaintiff' objections, Defendant initiated a negative employment action against Plaintiff as described more fully above. Plaintiff was subjected to contrived allegations, frivolous warnings or write ups, suspension, relocation, isolation, and/ or termination after Plaintiff objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations.

29. Plaintiff was terminated because for engaging in protected behavior. Specifically, Plaintiff objected to, or refused to participate in, any activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation and/or reported the violation and gave Defendant an opportunity to correct the problem. Instead of correcting the problem, it got worse and Plaintiff was fired for said reporting.

30. The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

31. As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed

5

by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day.

32. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## FLORIDA MINIMUM WAGE ACT

33. Paragraphs 1 through 24 above are incorporated herein by reference.

34. This is an action against Defendant under §448.110, Fla. Stats.

35. At all pertinent times, Plaintiff was an employee of Defendant.

36. Defendant failed to pay Plaintiff at least the required Florida minimum wage rate for every compensable hour of labor performed, in violation of §448.110, Fla. Stats.

37. The violations set forth in this count resulted, in whole or in part, from Defendant's failure to credit and pay Plaintiff for all compensable time worked. Defendant's violations were willful, intentional, and systemic.

38. Pursuant to §448.110, Fla. Stats., as a result of Defendant's violations of the FMWA set forth in this count, Plaintiff is entitled to recover the amount of the unpaid wages, and an equal amount as liquidated damages. Over and above such sums, Plaintiff is entitled to a compensatory award for non-economic damages suffered, including pain and suffering damages, loss of the capacity for the enjoyment of life and other intangible damages. These losses have occurred in the past, are occurring at present and are certain to occur into the future. Plaintiff is also entitled to costs and attorney's fees under the FMWA.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Paragraphs 1 through 24 are incorporated herein by reference.

40. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff is entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant. Further, Plaintiff is a covered individual within the meaning of the FLSA.

41. Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA.

42. The Fair Labor Standards Act requires that employees be paid a minimum wage, which was not paid to Plaintiff. Further, after he complained about not being paid a minimum wage, he was fired.

43. Defendant knowingly and willfully failed to pay Plaintiff a minimum wage and then retaliated against Plaintiff after Plaintiff requested to be paid the federally mandated minimum wage in direct contravention of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate when Defendant knew or should have known such was due and that non-payment of would financially injure Plaintiff.

44. Upon information and belief, during the course of Plaintiff's employment, Defendant failed to maintain accurate and sufficient time and payment records. As a result of Defendant's failure to properly record, report, credit and/or compensate Plaintiff, the Defendant failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

45. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and,

if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. The acts of the Defendant constitute a willful, deliberate, and intentional violation of the Fair Labor Standards Act. Due to the intentional, willful and unlawful acts of the Defendant, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest. Plaintiff is entitled to an award of reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C. §216 (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff awarding all legally-available damages for emotional pain and suffering to Plaintiff from Defendant for Defendant's violations of law enumerated herein.

(e) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(f) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(g) award Plaintiff interest where appropriate; and

(h) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 22nd day of May 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
Telephone: 850-383-4800
Facsimile: 850-383-4801
marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

**ATTORNEYS FOR PLAINTIFF**